# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROGER GERDES and TONI GERDES, | CIVIL ACTION |
| Plaintiffs, | |
| | Case No. 09-2344-DJW |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Amend (doc. 60). Plaintiffs seek leave to amend their Complaint to add a new paragraph which includes allegations that Plaintiff Toni Gerdes has suffered emotional distress and mental anguish as a result of Defendant's failure to pay the amounts owed to re-build and/or adequately repair Plaintiffs' home. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

This is a diversity action and the parties agree that Kansas law applies to this action. Plaintiffs brought this declaratory judgment and breach of contract action against Defendant American Family Mutual Insurance Company on June 26, 2009. Plaintiffs allege that they purchased a "Gold Star Super Deluxe" homeowners insurance policy from Defendant for Plaintiffs' home.[1] Plaintiffs further allege that on August 27, 2008, their home was severely damaged by a fire, the home was uninhabitable after the fire, and has been demolished.[2] According to Plaintiffs, the fire ignited a small vial of mercury that Plaintiff Dr. Roger Gerdes, a retired dentist, had stored in

---

[1] Compl. (doc. 1) at 1.

[2] *Id.*

the basement.[3] The house was contaminated by the mercury vapors that spread through the house during the fire.[4]

Plaintiffs' Complaint contains two counts, the first is a count for declaratory judgment, the second is a count for breach of contract. Plaintiffs claim that Defendant has refused to cover the cost to re-build the house, relying on a clause in the insurance policy that excludes damages caused by pollution, "even though the exclusions state: 'We do cover direct loss that follows, caused by Fire or Explosion.'"[5] Plaintiffs now seek leave to amend their Complaint solely to include the following paragraph as part of their breach of contract count:

> 82a. Plaintiff Toni Gerdes has suffered emotional distress and mental anguish including depression and anxiety requiring medication and hospitalization as a direct, proximate and foreseeable result of American Family's failure to pay the amounts owed to re-build and/or adequately repair the Gerdes' home.[6]

Defendant opposes Plaintiffs' Motion on the grounds of futility. Defendant argues that Kansas does not allow a plaintiff to recover for non-economic losses in connection with a breach of contract action.

## II.  AMENDMENT STANDARD

Under Fed. R. Civ. P. 15(a)(2), after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[7] Fed. R. Civ. P. 15(a)(2) further

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Pls.' Mot. for Leave to Amend (doc. 60) at 1.

[7] Fed. R. Civ. P. 15(a)(2).

provides, "The court should freely give leave when justice so requires."[8] The Supreme Court has held that "this mandate is to be heeded."[9]

Leave to amend may be denied when the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[10] The decision whether or not to allow a proposed amendment rests within the sound discretion of the court.[11] "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[12]

Defendant opposes Plaintiffs' Motion on the grounds that Plaintiffs' proposed amendment is futile.[13] A proposed amendment is considered futile if the proposed amended complaint would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.[14]

---

[8] *Id.*

[9] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman*, 371 U.S. at 182).

[11] *Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1280 (10th Cir. 2007).

[12] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008) (citations omitted); *see Minter*, 451 F.3d at 1204 ("The purpose of [Fed. R. Civ. P. 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'")(quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[13] Mem. in Opp'n to Pls.' Mot. for Leave to Amend (doc. 62) at 2.

[14] *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

To determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[15] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[16]

## III.  ANALYSIS

Defendant, as the party asserting futility of amendment, has the burden of establishing futility of amendment.[17] Defendant argues that Plaintiffs' proposed amendment is futile because Plaintiffs cannot establish a legal basis for the recovery of damages for emotional distress and mental anguish.[18] Defendant points out that Plaintiff Toni Gerdes' claim for emotional distress and mental anguish rests solely on an alleged breach of contract.[19] Defendant argues that Kansas courts have long recognized that as a general rule a plaintiff may not recover damages for emotional distress and mental anguish based upon a breach of contract.[20] Thus, Defendant argues that Plaintiffs' proposed amendment, seeking damages for emotional distress and mental anguish based upon a breach of contract, is futile.[21]

---

[15] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citations omitted).

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[17] *See Rural Water*, 2008 WL 1867984, at *5 (citation omitted).

[18] Mem. in Opp'n to Pls.' Mot. for Leave to Amend (doc. 62) at 2.

[19] *Id.* at 3.

[20] *Id.* at 2-5.

[21] *Id.*

4

Plaintiffs, on the other hand, argue that such damages are recoverable, and point to an unpublished decision by the Kansas Court of Appeals in support of this claim, *Dill v. Barnett Funeral Home, Inc.*[22] In *Dill*, the Kansas Court of Appeals explained that while a plaintiff may recover consequential damages in a breach of contract action, such damages are typically limited to damages for foreseeable economic injury arising from the breach.[23] The *Dill* court then went on to state, "Damages for emotional distress arising from breach of contract are limited to situations in which emotional distress is a foreseeable consequence of the breach and is accompanied by physical symptoms of the emotional distress."[24]

Plaintiffs also rely on the Kansas Supreme Court's decision in *Jackson Trak Group, Inc. v. Mid States Port Authority*,[25] where the court stated:

> Damages recoverable for breach of contract include consequential damages which arise, in the usual course of things, from the breach itself, or as may reasonably be assumed to have been within the contemplation of both parties as the probable result of the breach. [] The important aspect of the recovery of such consequential or special damages under a breach of contract theory is the element of foreseeability.[26]

Plaintiffs argue that, based on the *Dill* and *Jackson Trak* decisions, they are entitled to recover damages for Plaintiff Toni Gerdes' emotional distress and mental anguish because these damages were a foreseeable consequence of Defendant's breach of the insurance policy and because

---

[22] No. 90,653, 2004 WL 292124 (Kan. App. Feb. 13, 2004).

[23] *Id.* at *6 (citations omitted).

[24] *Id.*

[25] 242 Kan. 683 (Kan. 1988).

[26] *Id.* at 694-95 (citations omitted).

5

Plaintiff Toni Gerdes has suffered physical symptoms of emotional distress.[27] Plaintiffs therefore argue that they are entitled to amend their Complaint to include a claim for such damages.[28]

The Court concludes that Plaintiffs' reliance on these cases is misplaced. First, the Court notes that the *Dill* opinion relied upon by Plaintiffs is an unpublished opinion and therefore, pursuant to Kansas Supreme Court Rule 7.04(f), the *Dill* opinion is not binding precedent and is not favored for citation. Kansas Supreme Court Rule 7.04(f) does provide that the *Dill* opinion may be cited for persuasive authority on a material issue not addressed by a published Kansas appellate court opinion. However, the Court finds that it need not rely on the *Dill* opinion for persuasive authority because the Court has found several published opinions by the Kansas Supreme Court which directly answer the question of whether a plaintiff may recover damages for emotional distress and mental anguish in a breach of contract action.

Second, the *Jackson Trak* decision does not provide the applicable test for determining whether Plaintiffs may seek to recover damages for emotional distress due to Defendant's alleged breach of the insurance policy. In *Jackson Trak*, the defendant appealed the confirmation of an arbitration award in favor of the plaintiff, wherein the arbitrators awarded the plaintiff damages for the loss of use of equipment wrongfully seized by the defendant.[29] The Kansas Supreme Court concluded that the plaintiff's claim for such damages was grounded in contract, that the arbitrators determined that the plaintiff's work was not defective under the contract and therefore that the

---

[27] Reply in Supp. of Pls.' Mot. to Amend Petition (doc. 63) at 2-5.

[28] *Id.*

[29] *Jackson Trak*, 242 Kan. at 684.

defendant had breached the contract by wrongfully seizing the equipment.[30] With respect to the damages awarded to the plaintiff for loss of use of the wrongfully seized equipment, the Kansas Supreme Court concluded that "it [was] certainly foreseeable that the parties would have contemplated damages for loss of use of the equipment if it were wrongfully seized by [the defendant] and held over a period of time."[31] Thus, the court in *Jackson Trak* was not faced with a plaintiff seeking to recover damages for emotional distress arising from the breach of an insurance policy. Rather, the *Jackson Trak* court dealt with a plaintiff who recovered consequential damages for a foreseeable economic injury.[32]

The Court finds that there are several published opinions by the Kansas Supreme Court which answer the question of whether a plaintiff may recover damages for emotional distress and mental anguish in a breach of contract action. In fact, the Kansas Supreme Court, in *Moffet v. Kansas City Fire & Marine Insurance Company*,[33] dealt directly with a plaintiff's attempt to recover punitive damages arising from the alleged breach of an insurance policy. In *Moffet*, the plaintiff brought an action on an insurance policy issued by the defendant, Kansas City Fire and Marine Insurance Company, to recover for the loss of a combine resulting from an alleged collision.[34] The plaintiff alleged that the defendant insurance company willfully and maliciously refused to pay the plaintiff for the damages the plaintiff suffered, thereby causing the plaintiff undue hardship and

---

[30] *Id.* at 694-95.

[31] *Id.* at 695.

[32] *Id.* at 694-95.

[33] 173 Kan. 52 (Kan. 1952).

[34] *Id.* at 53.

vexation.[35] The plaintiff sought to recover punitive damages and attorneys' fees.[36] The defendant insurance company moved to strike the plaintiff's claim for punitive damages from the complaint.[37] The lower court denied the defendant's motion and the defendant appealed.[38]

The Kansas Supreme Court held that the defendant's motion to strike the plaintiff's claim for punitive damages should have been granted. In so holding, the court explained that, "[a]s a general rule, damages for breach of contract are limited to pecuniary loss sustained."[39] The court further explained that, "[a]ccording to the overwhelming weight of authority exemplary or punitive damages are not recoverable in actions for breach of contract in the absence of independent tort or wrong causing additional injury and in a few other situations not present here."[40] The court then looked to the plaintiff's petition and concluded that the petition did not contain allegations of a tortious act committed in connection with the defendant's breach of the insurance policy: "The petition alleges no facts disclosing appellant 'willfully, wantonly and maliciously' refused to pay the insurance. We have often said the use of such descriptive words, standing alone, is not a substitute for essential allegations disclosing wanton and malicious conduct and constitutes a mere

---

[35] *Id.* at 54

[36] *Id.* at 53.

[37] *Id.* at 54.

[38] *Id.* at 53.

[39] *Moffet*, 173 Kan. at 57.

[40] *Id.* (citations omitted).

conclusion of the pleader."[41] The *Moffet* court therefore concluded that the defendant's motion to strike the plaintiff's claim for punitive damages should have been granted.[42]

The Kansas Supreme Court reaffirmed the *Moffet* decision in *Mabery v. Western Casualty and Surety Co.*[43] In *Mabery*, the plaintiff brought an action for breach of an oral contract between the plaintiff and his employer/defendant to pay the plaintiff the sum of $100 per month during his lifetime or until he was able to return to work for the defendant company.[44] The plaintiff sought to recover both actual and punitive damages.[45] The lower court entered an order striking the plaintiff's allegations seeking to recover punitive damages and the plaintiff appealed.[46] The Kansas Supreme Court affirmed the lower court's decision, explaining:

> The rule is well-stated in the recent case of *Moffet v. Kansas City Fire & Marine Ins. Co.*, 173 Kan. 52, 57, 244 P.2d 228, 233, where it was said:
>
>> 'But what about the ruling on appellant's motion and demurrer with respect to punitive damages? The petition was predicated on breach of contract, a refusal to pay insurance. As a general rule, damages for breach of contract are limited to pecuniary loss sustained. According to the overwhelming weight of authority exemplary or punitive damages are not recoverable in actions for breach of contract in the absence of independent tort or wrong causing additional injury and in a few other situations not present here.[47]

---

[41] *Id.* at 57-58.

[42] *Id.* at 58.

[43] 173 Kan. 586 (Kan. 1952).

[44] *Id.* at 586.

[45] *Id.*

[46] *Id.* at 587.

[47] *Id.* at 593 (quoting *Moffet*, 173 Kan. at 57) (citations omitted)).

9

The *Mabery* court, relying on the rule stated in *Moffet*, concluded that the lower court was correct in striking the plaintiff's allegations seeking to recover punitive damages arising from the alleged breach of contract, reasoning:

> Here, as in [*Moffet*], no tortious act is alleged to have been committed in connection [with] the alleged breach of contract, and, as there said, the mere use of words such as 'wilfully, wantonly, maliciously, fraudulently and oppressively,' standing alone, is not a substitute for essential allegations disclosing wanton and malicious conduct. The order of the lower court striking all allegations as to punitive damages was clearly correct.[48]

The test set out by the Kansas Supreme Court in *Moffet* and affirmed in *Mabery* continues to be the proper test for determining whether emotional distress damages are recoverable in breach of contract actions. In *Spencer v. Aetna Life & Casualty Insurance Company*,[49] the Kansas Supreme Court dealt with the question of whether Kansas law recognizes the tort of bad faith against a defendant insurance company. In answering this question, the Kansas Supreme Court discussed Kansas law, including its decision in *Moffet*, and noted: "We have traditionally held that only contractual damages are available for breach of an insurance contract and that such damages *do not include mental anguish or punitive damages*."[50]

---

[48] *Id.*

[49] 227 Kan. 914 (Kan. 1980).

[50] *Id.* at 920 (citing *Moffet*, 173 Kan. 52) (emphasis added); *see also Nordstrom v. Miller*, 227 Kan. 59, 70 (Kan. 1980) (noting that punitive damages could have been awarded because of the independent tort of fraud); *Temmen v. Kent-Brown Chevrolet Co.*, 227 Kan. 45, 51 (Kan. 1980) ("We have long adhered to the rule that damages for breach of contract are limited to pecuniary losses sustained, and exemplary or punitive damages are not recoverable in the absence of an independent tort."); *Modern Air Conditioning, Inc. v. Cinderella Homes*, 226 Kan 70, 78 (Kan. 1979) (appellees were not entitled to punitive damages for an unjustified breach of contract without some evidence that can be characterized as malicious, vindictive, oppressive, fraudulent, or a willful and wanton disregard of the other's rights).

The *Spencer* court also pointed to *Hess v. Jarboe*,[51] where the court explained that the damages recoverable for a breach of contract "are those which might reasonably have been anticipated by the parties and are limited to pecuniary loss which naturally occurs as a proximate result of the breach."[52] The court in *Hess*, relying on the *Moffet* decision, went on to explain that, as a general rule, punitive damages are not recoverable for an unjustified breach of contract unless "some independent tort or wrong results in additional injury which justifies the assessment of punitive damages by way of punishment to the wrongdoer. In such case the proof of the independent tort must indicate the presence of malice, fraud or wanton disregard for the rights of others."[53]

The Court therefore concludes that, under Kansas law, Plaintiffs' proposed amendment to include a claim for damages for emotional distress and mental anguish in this breach of contract action would be futile if Plaintiffs have not alleged some independent tort or wrong which resulted in an additional injury. The Court further concludes that in order to satisfy this requirement, allegations of willful, wanton, malicious, fraudulent and oppressive conduct, standing alone, are not a substitute for essential allegations disclosing wanton and malicious conduct.

With this test in mind, the Court turns to Plaintiffs' proposed amended complaint. Plaintiffs seek to amend their Complaint to include the following paragraph:

> 82a. Plaintiff Toni Gerdes has suffered emotional distress and mental anguish including depression and anxiety requiring medication and hospitalization as a direct, proximate and foreseeable result of American Family's failure to pay the amounts owed to re-build and/or adequately repair the Gerdes' home.[54]

---

[51] 201 Kan. 705 (Kan. 1968).

[52] *Id.* at 708 (citations omitted).

[53] *Id.* at 708-9.

[54] Pls.' Mem. in Supp. of Mot. for Leave to Amend (doc. 61) at 1.

However, nothing in this paragraph alleges an independent tort or wrong committed by Defendant in addition to the alleged breach of the insurance policy. Thus, the Court looks to other allegations in the proposed amended complaint, which are the same as those found in the Complaint, to determine whether Plaintiffs have alleged an independent tort. Plaintiffs' alleged as follows: Defendant, through its letters to Plaintiffs' counsel dated September 18, 2008, November 12, 2008, and December 16, 2008, "deliberately and consciously attempted to deceive" Plaintiffs by (1) failing to advise Plaintiffs that the exclusion in paragraph no. 6 did not apply to direct loss that follows, caused by fire or explosion, (2) misrepresenting that the Replacement Cost Value was excess of $165,537.83, when in fact the Replacement Cost Value is 120% of $629,600.00, as further increased by the increase in the Residential Building Cost Index, and (3) misrepresenting that the exclusion for "business pursuits" applied.[55]

Having reviewed these allegations, the Court concludes that Plaintiffs have not alleged any conduct by Defendant which would amount to an independent tort or wrong. Plaintiffs allegations merely emphasize their belief that Defendant unjustifiably breached the insurance policy. Plaintiffs naked assertions of Defendant's deliberate and conscious attempt to deceive the Plaintiffs and Defendant's misrepresentations to Plaintiff do not demonstrate an alleged independent tort committed by Defendant. Although the term "misrepresentation" indicates that Plaintiffs may be attempting to assert a claim for fraudulent or negligent misrepresentation, Plaintiffs did not seek to amend their Complaint to include such claims and, in any case, such claims are not supported by the allegations which are contained in the Complaint or the proposed amended complaint. Thus, the

---

[55] Pls.' proposed First Am. Compl. (attached as Ex. 1 to Pls.' Mot. for Leave to Amend (doc. 60)) at 12-13.

Court concludes that Plaintiffs have not alleged an independent tort committed by Defendant in connection with the alleged breach of the insurance policy and, as such, emotional distress and mental anguish damages are not recoverable by Plaintiffs in this breach of contract action. Consequently, the Court holds that Plaintiffs' proposed amendment to include claims for damages for emotional distress and mental anguish is futile. Plaintiffs' Motion is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Amend (doc. 60) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 13th day of May 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties